# Pennsylvania Oil Company v. Pure Oil Company.

*Corporations—Contract—General manager.*

Where the general manager of a corporation, with extensive powers, sells in good faith and to the best interest of the company a portion of its assets, and the sale is known to the officials, and is never afterwards questioned or disaffirmed by any corporate action, an assignee for creditors of the corporation cannot repudiate the agreement, and recover back the property without restoring the consideration, merely because the stockholders did not authorize the transaction.

Argued March 21, 1900. Appeal, No. 42, Jan. T., 1900, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1896, No. 739, on verdict for defendants, in case of Pennsylvania Oil Company, to use of Howard Terry, assignee for benefit of creditors of Pennsylvania Oil Company, v. Pure Oil Company. Before GREEN, C. J., McCOLLUM, DEAN, FELL and MESTREZAT, JJ. Affirmed.

Replevin for certain goods consisting of horses, wagons, tanks, etc., alleged to constitute all the working assets of an oil plant.

At the trial it appeared that the Pennsylvania Oil Company was organized under the laws of New Jersey in November, 1895. The circumstances under which the Pennsylvania Oil Company acquired possession of the goods replevied and subsequently parted with said possession are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Samuel W. Cooper*, with him *Henry C. Terry*, for appellants.—The action of the managing director cannot be sustained in law: Martin v. Continental, etc., Ry. Co., 14 Phila. 10; Kersey Oil Co. v. Oil Creek, etc., R. R. Co., 5 W. N. C. 144; Gordon v. Preston, 1 Watts, 385; Baker's App., 109 Pa. 461; Farmers' Bank v. McKee, 2 Pa. 318; Bedford R. R. Co. v. Bowser, 48 Pa. 29; First Nat. Bank v. Hoch, 89 Pa. 324; Mercantile Library Hall Co. v. Pittsburgh Library Assn., 173 Pa. 30; Ry. Co. v. Allerton, 18 Wallace, 233.

*Thomas Earle . White*, for appellee.—The general manager had the power to make the contract: Rolling Mill v. St. Louis, etc., R. R. Co., 120 U. S. 256.

The fact that the corporation executed two instruments under seal which disclose a knowledge of the return of the goods by Webster and that no attempt was made to disaffirm his act till three months later, acted as a ratification of his act: Rolling Mill v. St. Louis, etc., R. R. Co., 120 U. S. 256; Twin-Lick Oil Co. v. Marbury, 91 U. S. 587; McDonald v. Chisholm, 131 Ill. 273.

PER CURIAM, April 16, 1900:

The title of the Pennsylvania Oil Company to the articles in question was derived from the action of their managing director Webster, who bargained for them with the Lewis Emery Oil Company, and joined in the execution of a sealed contract with that company with the seals of both companies attached, and signed by Webster as general manager, attested by Terry as secretary. By the terms of this agreement there was a cash payment of $500 and a note for $4,423.92, given as consideration for the sale of the articles. The Pennsylvania Oil Company took and kept possession of the goods and did business with them for several months, when being unable to pay the note, it was decided to return the goods to the Emery Oil Company, and thereafter to take a lease from that company of their plant and also of all the articles in question and other personal property. This also was done by a formal lease and agreement

executed with the corporate seals of both companies, the signatures of the Pennsylvania Oil Company being made by Terry as secretary and treasurer, and attested by Webster. This was done on May 28, 1896, and possession was taken and held under it, both of the real and personal estate, including the articles now in controversy. After this on June 12, 1896, it was agreed that the Pure Oil Company, the present defendant, should assume all the obligations of the Pennsylvania Oil Company under the lease, that company being released therefrom; and this agreement also was in writing and sealed with the corporate seals of all the companies concerned, Terry, secretary, signing for the Pennsylvania Company, and thereupon full possession of all the property, real and personal was taken and maintained, and business carried on by the Pure Oil Company until and at the time of the issuing of the present writ of replevin by the assignee for the benefit of creditors of the Pennsylvania Oil Company. That company had obtained the full benefit of all the transactions thus indicated, had been discharged from its liability on the note, had parted with the possession of all the property which was the subject of the various contracts and transactions, and now through the present action by its assignee, seeks to repudiate its agreement and to get back the property, having received the consideration for it, without restoring the consideration, all for the reason that there was no vote of the stockholders authorizing the several transactions. There is no doubt as to the extent of the powers conferred upon and exercised by Webster as general manager, nor of the acquiescence with knowledge of the officials of the Pennsylvania Oil Company. They were of the fullest and most ample character, and were manifestly executed in good faith and for the best interests of the company. They were never questioned or disaffirmed by any corporate action, and the goods sold were not the whole of the assets of the company and the authorities cited for the appellant on that subject are not applicable to the clear facts of this case. The contention of the appellant could not be sustained without the perpetration of a grave injustice upon the appellee and such a consequence is not required by any exigencies of this case.

Judgment affirmed.